IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Farm Service Agency),<br><br>    Plaintiff<br><br>    v.<br><br>RAMON BONILLA-RIVERA, ANDREA RODRIGUEZ-ESTELA, and the conjugal partnership constituted by them,<br><br>    Defendants | CIVIL NO. 08-1148 (JP) |

**JUDGMENT BY DEFAULT**

The Court has before it Plaintiff Farm Service Agency's motion for default judgment (**No. 7**). The motion is **GRANTED**. Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court on August 4, 2008 (No. 8) against Defendants Ramón Bonilla-Rivera, Andrea Rodríguez-Estela, and their conjugal partnership for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.   Two Mortgage Notes were subscribed in favor of or to the order of Farm Service Agency, an agency and instrumentality of the United States of America.

CIVIL NO. 08-1148 (JP)            -2-

    2.    For the purpose of securing the payment of the first Mortgage Note, a mortgage was constituted for the amount of $50,000.00, with interest at a legal rate of five percent per annum, by Deed Number 37, dated December 14, 1981, before Notary Public Isidoro Montes-Cebollero.  This mortgage is duly recorded at the corresponding Property Registry.

    On December 14, 1987, Defendants assumed the first Mortgage Note for the amount of $60,565.58, with interest at a legal rate of five percent per annum.  Said Assumption Agreement was constituted by Deed Number 126 dated December 14, 1987, before Notary Public Efrain Bermúdez-Rivera.

    3.    Plaintiff is also the owner and holder of another Mortgage Note for the amount of $7,000.00, with interest at the rate of six percent per annum.

    4.    For the purpose of securing the payment of said Mortgage Note, a mortgage was constituted for the amount of $7,000.00 with interest at a legal rate of seven percent per annum by Deed Number 50, date March 30, 1988, before Notary Public Erasmo León-Rosario.

    5.    According to the Registry of the Property, Defendants appear as owners of record of the real estate properties subject of this case, which property is described as follows:

CIVIL NO. 08-1148 (JP)           -3-

### A.    PROPERTY NUMBER 1114

**----RUSTICA: Predio de terreno radicado en los barrios Collores y Villalba Arriba de Juana Díaz y Villalba con una cabida de CUARENTA Y CUATRO CUERDAS, en lindes por el Norte, con Flor Rivera y Marcelino Torres; antes, hoy Carlos J. Torres y seis cuerdas que le fueron vendidas a la Puerto Rico Reconstruction Administration, conocida por la PRRA; por el Sur, con Luis Lloréns Torres, por el Este, con Alexander Marvin, antes, hoy Doctor Enrique Matos y por el Oeste, la quebrada Sundaleja.**

Plaintiff's mortgage for the amount of $50,000.00 is recorded at page 255, volume 197 of Juana Díaz, property number 1114, 30th inscription at the Registry of the Property of Ponce I, Puerto Rico and the assumption of this mortgage recorded at the 32nd inscription.

Plaintiff's mortgage for the amount of $7,000.00 was recorded at page 258, volume 197 of Juana Díaz, property 1114, 33rd inscription at the Registry of the Property of Ponce I, Puerto Rico.

### B.    PROPERTY NUMBER 1907

**----RUSTICA; Estancia denominada Los Trozas, radicada en el Barrio Collores del término municipal de Juana Díaz, compuesta de CINCUNE digo, CINCUENTA CUERDAS CON SESENTA Y CINCO CENTIMOS, equivalentes a diez y nueve hectáreas, noventa áreas y setenta y cuatro centiáreas, en lindes con Felix Guliani y Florentino Rivera, al Este, la Hacienda Semil de Samuel Marvin, antes, hoy el Doctor Matta y terrenos de Florentino Ric, digo, Rivera, separados por un camino de Jayuya y al Oeste una quebrada que separa los terrenos de Francisco Oliver y Félix Guiliani y una quebrada.**

CIVIL NO. 08-1148 (JP)          -4-

Plaintiff's mortgage for the amount of $50,000.00 is recorded at page 243, volume 140 of Juana Díaz, property number 1907, 37th inscription at the Registry of the Property of Ponce I, Puerto Rico, and the assumption of this mortgage recorded at the 37th inscription.

Plaintiff's mortgage for the amount of $7,000.00 was recorded at page 246, volume 140 of Juana Díaz, property number 1907, 40th inscription, at the Registry of the Property of Ponce I, Puerto Rico.

6.  Defendants herein as owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

7.  According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

8.  Defendants' indebtedness with Plaintiff is:

   **A. On the $50,000.00 Note, later modified to $60,565.58**:

   (1)  $48,070.00 of aggregate principal;

   (2)  $46,713.15 of interest accrued as of January 30, 2008, and thereafter until its full and total

CIVIL NO. 08-1148 (JP)            -5-

        payment, which interest amount increases at the daily rate of $6.5849;

    (3) plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

**B.** **On the $7,000.00 Note**:

    (1) $7,000.00 of aggregate principal;

    (2) $7,866.11 of interest accrued as of January 30, 2008, and thereafter until its full and total payment, which interest amount increases at the daily rate of $1.1507;

    (3) plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

    9.  Defendants, as debtors of the amounts prayed for in the complaint, are hereby **ORDERED AND ADJUDGED** to pay until Plaintiff the amounts specified and set forth above.

    10.  In default of the payment of the sums herein specified or of any part thereof within ten days from the date of entry of this Judgement, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an

CIVIL NO. 08-1148 (JP)          -6-

appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

    11.  The Marshal of this Court shall make the above-mentioned sale in accordance with 28 U.S.C. §§ 2001 and 2002, and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks.  The amounts of $50,000.00 and $7,000.00, a total amount of $57,000, shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as the minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further

CIVIL NO. 08-1148 (JP)          -7-

order of this Court if executed within sixty days from the confirmation of the public sale.

12. Any funds derived from the sale are to be made in accordance with the terms of this Judgment and shall be applied as follows:

> (a) To the payment of all proper expenses upon said sale;
>
> (b) To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in, the preceding paragraph 8;
>
> (c) If after making the above-payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;
>
> (d) In the case the proceeds from said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

13. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of execution of the foreclosed mortgage.

14. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall

CIVIL NO. 08-1148 (JP)          -8-

proceed to issue of course all necessary writs to enforce and execute the same.  <u>See</u> Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of August, 2008.

                                                        s/Jaime Pieras, Jr.
                                                          JAIME PIERAS, JR.
                                         U.S. SENIOR DISTRICT JUDGE